# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 12, 2021

Lyle W. Cayce
Clerk

No. 20-50710
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

OLGA LEIJA BERNAL,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:19-CR-3280-1

Before HAYNES, WILLETT, and HO, *Circuit Judges*.

PER CURIAM:*

Olga Leija Bernal pleaded guilty, without the benefit of a plea agreement, to making a false statement or representation to an agency or department of the United States in violation of 18 U.S.C. § 1001(a)(2). The district court sentenced Bernal to nine months in prison, which was above

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-50710

the advisory sentencing guidelines range of zero to six months in prison. On appeal, Bernal asserts that her term of imprisonment is substantively unreasonable as it is greater than necessary to achieve the goals of 18 U.S.C. § 3553(a).

Although Bernal did not specifically object to the substantive reasonableness of her sentence after it was imposed, she arguably did seek a sentence lower than the one ultimately imposed. Out of an abundance of caution, we will analyze Bernal's substantive reasonableness claim as though error was preserved. *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 764-67 (2020); *United States v. Holguin-Hernandez*, 955 F.3d 519, 520 n.1 (5th Cir. 2020) (opinion on remand).

This court reviews sentences, whether inside or outside the Guidelines, for reasonableness in light of the sentencing factors set forth in § 3553(a) and reviews the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 46-47, 49-51 (2007). A sentence is not unreasonable merely because a different sentence would also have been appropriate. *Id.* at 51.

The record demonstrates that the district court assessed the facts and arguments of the parties and determined that a sentence within the advisory guidelines range was insufficient to achieve the sentencing goals set forth in § 3553(a). The district court further adopted the PSR and considered the advisory sentencing guidelines range, the policy statements of the Guidelines, and the § 3553(a) sentencing factors, specifically noting the nature and circumstances of the offense, the seriousness of the offense, the history and characteristics of the defendant, and the need for the sentence to promote respect for the law, provide just punishment for the offense, and afford adequate deterrence from crime.

No. 20-50710

Bernal's arguments on appeal constitute a disagreement with the district court's weighing of the § 3553(a) factors and correctness of the sentence imposed. This disagreement does not show error in connection with her sentence, nor does it show that the sentence imposed was not reasonable. *See Gall*, 552 U.S. at 51; *United States v. Malone*, 828 F.3d 331, 342 (5th Cir. 2016); *United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008). Furthermore, this court does not reweigh the § 3553(a) factors and reexamine their relative import, nor will it reverse the district court on the basis that this court could reasonably conclude that a different sentence was proper. *See Gall*, 552 U.S. at 51; *United States v. McElwee*, 646 F.3d 328, 344 (5th Cir. 2011). Bernal's sentence is supported by numerous § 3553(a) factors and is within the statutory maximum. *See* § 1001(a).

As to the extent of the variance, Bernal's nine-month sentence is three months greater than the top of her advisory guidelines range, and this court has upheld much greater variances. *See United States v. Key*, 599 F.3d 469, 471-72, 475-76 (5th Cir. 2010); *United States v. Herrera-Garduno*, 519 F.3d 526, 531-32 (5th Cir. 2008); *United States v. Smith*, 417 F.3d 483, 485, 492 (5th Cir. 2005). Given the significant deference that is due a district court's consideration of the § 3553(a) factors, Bernal has not demonstrated that the district court committed any error in imposing her above-guidelines sentence. *See Gall*, 552 U.S. at 50-53.

The district court's judgment is AFFIRMED.